DAWKINS, J.
Plaintiff seeks a judgment against defendant as the proprietor o£"S. J. Russell & Co., upon the ground that he (defendant) had assumed all of the liabilities of Russell & Co. The action is upon several promissory notes of J. N. George & Sons, which bear the indorsement of “S. J. Russell & Go. by S. J. Russell.”
Beginning about the year 1912, J. Russell was engaged in the business of wholesale grocer and cotton factor in the City of Shreveport, and so continued until January 1, 1919. About the 1st of December, 1918. at the instance of his father, S. S. Hunter, defendant entered the establishment of Russell, with the view of possibly forming a partnership with the latter. Russell had become involved 'financially and the Hunters, father and son, were indorsers on his paper at the banks for several thousands of dollars, and it was with the view of meeting this situation and protecting their indorsements that young Hunter went to the rescue of ¡Russell, his uncle (Mrs. Russell being a sister of S. S. Hunter). After checking up the affairs of the business, it was decided that defendant, W. J. Hunter, should take it over, assume all liabilities, and that Russell should retire, which was accordingly done. This took place, as before stated,- January 1, 1919, and the name of the business was changed to “S. J. Russell & Co.,” with defendant as proprietor.
Thereafter S. J. Russell went to the state of Mississippi, in the capacity of superintendent or some other relation to a gravel pit business operated by J. N. George & Sons, makers of the notes sued on, and in which gravel business S. S. Hunter, father of de *721 fendant, had some interest not clearly disclosed by this record. While there, George & Sons having gotten in arrears with the plaintiff to the extent of some $3,000, the latter was about to close its switch track to the nit and to refuse further service to George & Sons, which of course, meant the stoppage of the latter’s business. Thereupon Russell intervened and offered to indorse the notes of George & Sons with the name of S. J. Russell & Co., representing, according to the agents of plaintiff who handled the matter (Russell having died before the trial below) that he (Russell) was proprietor and sole owner of the said business, which,' as above stated, had been taken over by defendant. Some negotiation followed, with the result that a small cash payment was made and the balance divided into six installments, represented by notes, payable as follows: $400 October 15, 1919, $600 November 15; 1919, $600 December 15, 1919. $600 January 15, 1920, and $200, October’ 15, 1919, with interest, all of which were indorsed, “S. J. Russell & Co., by S. J. Russell.” This was done on July 3, 1919.
Plaintiff made no investigation to ascertain if Russell’s representations were correct. Defendant had no connection with the gravel business in Mississippi, and knew nothing about the indorsements upon the notes until shortly before this suit was filed, January 9, 1922. He continued the business in the name of S. J. Russell & Oo. until the end of December, 1921. when it was changed, and his own name substituted.
Plaintiff seeks to hold defendant liable because he used the name of S. J. Russell in the business as a part of “S. J. Russell & Co.,” and did not inform the general public of Russell’s retirement. However, it is shown that, after defendant took hold, he paid all debts, as agreed, and that no credit purchases were made; bills were discounted, the indebtedness of the business, if any was due to the banks, and notice of the change was given those institutions, insurance companies, etc., but ‘none by publication or otherwise to the general public.
1,2] It is not pretended that the obligation for which the notes were given in Mississippi had, in the remotest degree, anything to do with the commercial business conducted in Shreveport. Nor is it claimed that liability arises from any other source than that of estoppel; i. e., the use of Russell’s name, thereby inducing plaintiff to believe his statement-that he owned the business. It is only in those cases (when one holds another out as his partner), where the acts or things done have some connection with the business of the alleged firm, that liability arises by estoppel. The very nature of the transaction in this case was not in this class, and the duty was upon plaintiff to investigate before accepting the statements of Russell. 30 Gyc. 391.
The judgment below was for defendant, and, for the reasons stated, it is affirmed, with costs.